

FILED
IN COUNTY CLERK'S OFFICE
A.M. JUN 05 2014 P.M.
PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY_____ DEPUTY

14-2-07366-1  42654232  AMCPT  06-06-14

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

### IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| JEFFREY A KUHLMAN, HUSBAND AND WIFE<br>Plaintiffs<br><br>Vs<br><br>Trex Company, INC., a Delaware corporation,<br>Defendant | Case No. 14-2-07366-1<br><br>**AMENDED COMPLAINT** |

Defendants Jeffrey Kuhlman and Vanessa Kuhlman (hereafter referred to as the Plaintiffs), allege the following:

### INTRODUCTION

1. Plaintiffs bring this action for monetary damages, declaratory and equitable relief, and restitution and/or disgorgement of profits.

2. Trex decking products are inherently defective because when installed according to Trex directions, they retain water, flake, delaminate, swell, and grow mold. These defects are latent and exist in the Trex decking at time of sale regardless of proper installation, maintenance and cleaning, and there is no repair that will fix or correct this defect. Declaration of Jeff Kuhlman

3. Trex has been manufacturing, warranting, advertising and selling Trex products it knew or should have known were inherently defective since 1996.

4. As a result of the defect, the Trex deck is failing. The deck is flaking and contains mold that makes the deck unsafe and unusable. The deck is not preforming as advertised and warrantied by Trex. The Plaintiffs did not get what was paid for, and have incurred or will incur thousands of dollars in damages to replace the deck.

## PARTIES

5. Plaintiffs, Vanessa and Jeffrey Kuhlman, reside in Pierce County, Washington State. They purchased the 1,300 square feet of Trex decking materials from a retailer in Puyallup, Washington. Declaration of Jeff Kuhlman

6. Trex Company is incorporation in Delaware and its principal place of business is Winchester, Virginia. Trex is the largest manufacture of wood-plastic composite decking, railings and fencing products. The company does business in Washington State. Trex Company actively markets and advertises in Washington State under its brand name "Trex". It manufactured, warranted, advertised and sold the defective decking products that were installed on plaintiff's home.

## JURISTION

7. This court has jurisdiction over this action pursuant to Washington Code of Civil Procedure section RCW 4.08.160. Jurisdiction over Trex is proper because it has purposefully availed itself of the privilege of conducting business activities in Washington by advertising and selling Trex decking materials to plaintiff, by maintaining a distribution center in this state, and because has generally maintained systematic and continuous business contacts with this state.

## VENUE

8. Venue is proper in Washington State pursuant to Washington Code of Civil Procedure RCW 4.08.160 because; (a) all of the injuries occurred in Pierce County, Washington, (b) the purchase and sale occurred in Pierce County, Washington, (c) the property where the product was installed is in Pierce County Washington, and (d) Trex conducts business in this county by warranting, advertising and selling its decking products here in Pierce County, Washington.

## FACUAL ALLEGATIONS

9. Trex is a wood-plastic composite decking material that Trex manufactures using a mix of plastics and recycled post-industrial wood fibers. Trex is advertised as a premium material suitable for constructing outdoor decks, railing and other related structures. Trex is often

more expensive than decking products made from alternative materials, such as treated wood, redwood, and cedar.

10. Upon information and belief, Trex has been manufacturing, advertising, warranting and selling Trex for consumer and commercial use since at least 1996.

11. Trex advertises its decking as "tak(ing) the natural beauty of wood, but leav(ing) behind all the rotting and splintering" and as "resistant to moisture". <http:trex.com/decking/default.aspx.> **(Attachment 1)**

12. Trex warrants its products for twenty-five (25) years from date of original purchase. The warranty provides that "Trex products shall be free from material defects in workmanship and materials, shall not crack, split, splinter, rot or suffer structural damage from termites or fungal decay." **<http:trex.com/warranty/>** **(Attachment 2)**

13. The Trex decking products, however, experience the defect shortly after installation, and well before their warranted and expected useful life. The defects are unfixable, and there is no repair or cleaning that can correct the problems. **Dec of Jeffrey Kuhlman**

14. Trex failed in its purpose of providing suitable material with which to build and maintain a deck, and it fails to meet its advertised and warranted qualities of being low maintenance, superior to wood, and fit for use without application of sealants.

15. Trex has refused to provide adequate relief to Plaintiffs. **(Attachment 5: Trex letter)**

16. On or about September 9, 2005 Plaintiffs purchased 1,300 square feet of Trex Brasilia decking from Lumbermans (now known as Probuild) at its Puyallup store. **(Attachment 3: Invoices)** Trex had a freestanding display that had samples of the Trex offered. There were also brochures and flyers. None of the samples showed signs of delaminating or flaking. The Plaintiffs paid approximately $12,221.58 on or around September 2005 and October 2005 for the Trex decking. **(Attachment 3: Invoices)** The plaintiffs paid a contractor an additional $7,500 for professional installation. **Declaration of Vanessa Kuhlman**

17. On or about October 1, 2005 the 1,300 square feet was delivered to Plaintiffs home in Puyallup, Washington in Pierce County. The product was installed by a contractor on two decks at 16723 139th Ave E, Puyallup WA. **Declaration of Jeff Kuhlman**

18. By April 2010 more than 30 percent of the Trex decking was flaking. The deck showed signs of breaking down. There was swelling that closed the gaps between the boards. The

shape of the boards changed and warped. Black appeared on the surface that grew in mounds of mold. **Declaration of Vanessa Kuhlman**

19. Trex was notified. Trex sent a claim form to fill out. Plaintiffs filled out the form and submitted it to Trex. **(Attachment 4: Claim Form)** Trex sent a represented out and he informed the plaintiffs that the Trex decking was failing. He also said it was a common problem. There had been a class action and Trex had set up a settlement fund. **Declaration of Vanessa Kuhlman**

20. Trex made an offer to send 20 % of the Trex and $395.28 cash payout. Plaintiffs rejected the offer as they received a quote for $14,977.49 to replace the Trex. Trex came back with an offer of $478.80. **Declaration of Vanessa Kuhlman**

21. After review of the settlement offer, the Plaintiff asked for the value of the settlement offer. The settlement offer stated: "Trex agrees to replace any boards on which surface flaking has occurred or alternatively to provide a cash equivalent at retail price…Trex also will reimburse class members for a portion of the labor costs associated with replacing decking material." <http://trex.com/legal/classaction.asp>

22. Trex has failed to pay the settlement amount. They have ignored all further contact from the Plaintiff. Plaintiff has received no compensation. Trex has failed to honor the Class Action Settlement agreement. **Declaration of Jeff Kuhlman**

23. The Trex deck continued to deteriorate and black mold is growing on the swollen boards. 100 percent of the boards are affected. The decks looks terrible, water collects on top, and the mold is a health risk. Touching the boards causes it to flake off in your hand.. Jeff Kuhlman and Sydney Kuhlman are allergic to the mold and partials emanated from the decomposition and cannot remain on the deck. **Declaration of Jeff Kuhlman**

24. Jeff Kuhlman attempted to clean the deck using the deck cleaner recommended, but had an immediate adverse reaction. **Declaration of Jeff Kuhlman**

25. On July 12, 2012 the Plaintiffs again submitted a full and complete claim including proof of ownership and receipts. **(Attachment 6: Trex letter 2012)** On July 2013 Trex sent a letter stating the claim was in process. **(Attachment 7: Trex letter 2013 )**

26. Trex did not respect, nor did they offer the settlement compensation. Trex ignored the defendant with the exception of a letter in 2013 stating it was still in process. **Attachment 7, and Declaration of Jeff Kuhlman**

## TOLLING

27. Because the defects are latent and not detectable until manifestation, Plaintiffs were not reasonably able to discover them until after purchase and installation, despite their exercise of due diligence.
28. Trex knew of the defect prior to the time of sale, and concealed that material fact from Plaintiff. Any applicable statutes of limitations have, therefore, been tolled by Trex's concealment of material facts.
29. Trex is estopped from relying on any Statute of Limitation because of its concealment of the defects.

## FIRST CAUSE OF ACTION
### (Violation of Consumer Protection Act)

30. Plaintiffs hereby incorporate by reference the allegations contained in the proceeding paragraphs of this complaint.
31. Trex Corporation is a "seller" within the meaning RCW 62A.2-105
32. Plaintiff Kuhlman are "consumers" within the meaning of RCW 62A.2-105
33. The affected products are "goods" within the meaning of the RCW 62A.2-105
34. Plaintiff's purchases of Trex products "sale" or "transaction" as the term is defined in RCW 62A.2-106.
35. Trex violated the Washington Consumer Protection Act as it engaged in an unfair or deceptive act or practice as they engaged is misrepresentation of the characteristics, use benefit, or quality of goods by affirmatively misrepresenting at all times to Plaintiffs, and everyone in the chain of distribution in all of its broadly disseminated marketing and advertising, that its Trex products are moisture resistant and superior to wood products with respect to splintering when, in fact they are not. Specifically Trex's representation of material facts regarding its Trex products superior qualities violated RCW 62A.2-315 (a) proscription against representing that goods have uses, characteristics or benefits they do not actually have, (b) proscription against representing that goods are of a particular standard, quality or grade when they are of the another, and (c) proscription against advertising goods with intent not to sell them as advertised.

36. Trex's active concealment of material facts violated RCW 62A.2-315 proscription against representing that goods have uses, characteristics or benefits they do not actually have.
37. Trex's active concealment of material facts violated RCW 62A.2-315 proscription against advertising goods with the intent not to sell them as advertised.

## SECOND CAUSE OF ACTION
### (Breach of Express Warranty)

38. Plaintiffs hereby incorporate by reference the allegations contained in the proceeding paragraphs of this complaint.
39. Trex's warranty provides that "for a period of twenty-five (25) years from the date of original purchase, under normal residential use and service conditions, Trex products shall be free from material defects in workmanship and materials, and shall not crack, split, splinter, rot or suffer structural damages from termite or fungal decay." <http:www.trex.com/warranty>
40. Trex further expressly warranted that Trex decking "takes the natural beauty of wood, but leaves behind all the rotting and splintering" <http:trex.com/decking/default.aspx.>
41. Trex also provided consumers with photographs, samples or models of decking and fencing that did not show any sign of defects.
42. The warranties, affirmations, promises, assurances, descriptions and models provided by Trex were the basis of the bargain for Plaintiffs in purchasing or acquiring the Trex products.
43. Trex has breached its express warranty to Plaintiffs in that Trex products were defective from the day they were sold and are certain to prematurely experience swelling, mold and delamination and other manifestations of the defects.
44. Trex has been put on notice of its breach of express warranties by Plaintiff prior to the filing of this Complaint.
45. As a direct result of the failure of the Trex products to perform as warranted, will incur expenses to replace the Trex decking product.
46. Any contractual language contained in Trex express warranty that attempts to limit remedies is unconscionable, fails to conform to the requirements for limiting remedies under applicable law, causes the warranties to fail their essential purpose, and is, thus, unconscionable and void.

47. Language in Trex's limited warranty that purports to exclude the exact type of defects that affects Plaintiffs Trex products is unilaterally imposed in a contract of adhesion that is typically proved after the sale, and is therefore unconscionable and caused the entire warranty to fail of its essential purpose.

### THIRD CAUSE OF ACTION
### Quantum Meruit/Unjust Enrichment

48. Plaintiffs hereby incorporate by reference the allegations contained in the proceeding paragraphs of this complaint.
49. Trex received monies as a result of Plaintiffs purchases of Trex products, and wrongfully accepted and retained these benefits to the detriment of the Plaintiff.
50. Trex's enrichment at the expense of Plaintiff was unjust.
51. As a result of Trex's wrongful conduct, Plaintiff is entitle to restitution, plus fees and costs, and interest thereon.

### FOURTH CAUSE OF ACTION
### Negligence

52. Plaintiffs hereby incorporate by reference the allegations contained in the proceeding paragraphs of this complaint.
53. Trex owes a duty to the Plaintiff because they produces, marketed, sold and profited form a decking product that was inherently dangerous. They had a duty to produce a safe product that could be used without causing injury to the foreseeable user under its intended use. Trex breached that duty by actively producing, marketing and selling a product that molded and emitted partials that when ingested by Plaintiffs, caused physical injury. Declaration of Jeff Kuhlman
54. Trex knew or should have known that the product would swell, warp, and mold under normal use. Trex knew or should have known that the partial and mold would become loose and be ingested during normal use and cleaning. Jeff Kuhlman and Sydney Kuhlman were injured when using the deck. They had a physical reaction to the partial emitted from the Trex deck. Declaration of Jeff Kuhlman

55. Jeff and Sydney Kuhlman were injured while using Trex decking as it is inherently dangerous. Declaration of Jeff Kuhlman

## REQUEST FOR RELIEF

WHEREFORE Plaintiffs hereby seek the following relief.

56. An award to Plaintiff of compensatory, exemplary, and statutory damages, including interest thereon, in an amount of $20,000.00;
57. An award of pre-judgment and post-judgment interest, as provided by law;
58. And for any and all equitable relief the court deems fit.

DATED: May 25, 2014

*(signature)*  
Vanessa Kuhlman

*(signature)*  
Jeffrey Kuhlman (Commander, USN, Retired)