UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY A. KUHLMAN, et al.,

    Plaintiffs,

v.

TREX COMPANY, INC.,

    Defendant.

CASE NO. C14-5673 BHS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Trex Company, Inc.'s ("Trex") motion for summary judgment (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 27, 2014, Plaintiffs Jeffrey and Vanessa Kuhlman ("Kuhlmans") filed suit against Trex in Pierce County Superior Court. Dkt. 1 at 2. On June 5, 2014, the Kuhlmans filed an amended complaint. Dkt. 1, Ex. A ("Comp."). The Kuhlmans assert the following claims: (1) violation of the Washington Consumer Protection Act ("CPA"); (2) breach of express warranty; (3) quantum meruit/unjust enrichment; and (4)

ORDER - 1

negligence. *Id.* ¶¶ 30–55. The Kuhlmans' claims stem from alleged defects in their Trex decking from mold and surface flaking. *Id.* ¶ 2. On August 22, 2014, Trex removed the action to this Court. Dkt. 1.

On August 6, 2015, Trex moved for summary judgment. Dkt. 20. The Kuhlmans did not file a response. On August 28, 2015, Trex filed a reply. Dkt. 23.

## II. FACTUAL BACKGROUND

A.   **Prior Class Action Settlements**

Two nationwide class action lawsuits regarding Trex decking products have already been litigated. The first class action, *Ross et al. v. Trex Company, Inc.*, U.S. District Court, Northern District of California Case No. 5:09-cv-00670-PVT, covered "any visibly noticeable surface flaking, crumbling, delamination, and/or peeling away of the surface of the Trex Product caused by a design or manufacturing defect." Dkt. 21, Declaration of David Chawes ("Chawes Dec."), Ex. A ("Surface Flaking Settlement") ¶ A.31. The *Ross* class action fully settled in July 2009. *Id.* Members of the *Ross* settlement class are "bound by this Settlement and by all subsequent proceedings, orders and judgments in the Action." *Id.* ¶ G.4. The Surface Flaking Settlement is "the sole and exclusive remedy for any and all Claims of Settlement Class members against [Trex] arising from or related to any Surface Flaking of their Trex Product." *Id.* ¶ H.2.

The second class action, *Mahan et al. v. Trex Company, Inc.*, U.S. District Court, Northern District of California Case No. 5:09-cv-00670-JSW, covered certain Trex products exhibiting "any condition related to or arising from mold, mildew, fungal, or other dark or gray growth or spotting, or any color variation or color fading." Chawes

1  Dec., Ex. B ("Mold Settlement") ¶ A.14.  The *Mahan* class action settled in December
2  2013.  *Id.*  Members of the *Mahan* settlement class are "bound by this Settlement and by
3  all subsequent proceedings, orders and judgments in the Action."  *Id.* ¶ G.4.  The Mold
4  Settlement is "the sole and exclusive remedy for any and all Claims of Settlement Class
5  members against the Released Parties arising from or related to a Covered Condition to
6  their Trex Product."  *Id.* ¶ H.2.
7        On April 7, 2010 and December 16, 2013, the court overseeing the *Ross* and
8  *Mahan* class actions granted motions for final approval of the two respective class action
9  settlements.  Dkt. 2, Declaration of Lauren Sancken ("Sancken Dec."), Ex. D at 1.  In
10  each of the court's final orders, the *Ross* and *Mahan* settlement class members were
11  permanently enjoined from filing suit based on the "Released Claims."  *Id.*  The court
12  also retained jurisdiction to enforce the respective class action settlements and
13  injunctions.  *Id.*
14        It is undisputed that the Kuhlmans are members of both the Surface Flaking
15  Settlement and Mold Settlement classes.  *Id.* at 2.
16  **B.**     **Order to Enforce Judgment**
17        After the Kuhlmans filed suit in Pierce County Superior Court, Trex filed a motion
18  in the U.S. District Court of Northern California to enforce the terms of the Surface
19  Flaking Settlement and Mold Settlement and to enjoin the Kuhlmans from proceeding
20  with their suit.  *Id.*  The class action court issued an order on June 25, 2014, enjoining the
21  Kuhlmans from pursuing all but their negligence claim:
22

> The Court HEREBY ENJOINS the Kuhlmans from proceeding with their claims for violations of Washington's Consumer Protection Act, breach of express warranty, and quantum meruit/unjust enrichment in the State Court Action.
> Nothing in this Order should be construed to preclude the Kuhlmans from pursuing the claims for personal injuries—as set forth in their negligence claim—against Trex.

*Id.* at 3–4.

### III. DISCUSSION

Trex moves for summary judgment, arguing that the Kuhlmans' non-negligence claims are barred by the class action court's order. Dkt. 20 at 12. Trex also argues that the Kuhlmans have failed to demonstrate a genuine issue of material fact with regard to their negligence claim. *Id.* at 12–14.

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists

if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     Non-Negligence Claims**

Trex argues that the Kuhlmans' non-negligence claims are barred by the class action court's order to enforce the *Ross* and *Mahan* settlement agreements. Dkt. 20 at 12. The Court agrees. It is undisputed that the Kuhlmans are members of both the Surface Flaking Settlement and the Mold Settlement classes. Sancken Dec., Ex. D at 2. The class action court entered an order enjoining the Kuhlmans from proceeding with their

CPA, breach of express warranty, and quantum meruit/unjust enrichment claims in this suit. *Id.* at 3.  The Court therefore grants Trex's motion and dismisses those claims.

**C.    Negligence Claim**

Trex also argues that the Kuhlmans have failed to demonstrate a genuine issue of material fact as to their negligence claim.  Dkt. 20 at 12.  To establish negligence, the Kuhlmans must prove four elements: (1) duty; (2) breach; (3) resulting injury; and (4) proximate causation.  *Folsom v. Burger King*, 135 Wn.2d 658, 671 (1998).  Trex contends that the Kuhlmans have not offered any evidence showing that Trex breached a duty of care owed to the Kuhlmans or that any breach proximately caused the alleged injuries.  Dkt. 20 at 12–14.

In support of its motion, Trex has submitted the expert report of Barbara Trenary ("Trenary"), a certified industrial hygienist.  Dkt. 22, Declaration of Barbara Trenary, Ex. 1.  Trenary opines that, on a more probable than not basis, there is no association between the Trex decking materials and Mr. Kuhlman's alleged allergies.  *Id.* at 6.  The Kuhlmans have not offered any evidence or expert opinion to rebut this opinion.  To survive summary judgment, the Kuhlmans were required to submit evidence showing that the Trex decking material proximately caused the alleged injuries.  Because the Kuhlmans have failed to create a genuine issue of material fact, the Court grants Trex's motion and dismisses the Kuhlmans' negligence claim.

# IV. ORDER

Therefore, it is hereby **ORDERED** that Trex's motion for summary judgment (Dkt. 20) is **GRANTED**. The Clerk shall close this case.

Dated this 16th day of September, 2015.

BENJAMIN H. SETTLE
United States District Judge